UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RAY L. EVANS,

          Plaintiff,

v.

KALAMAZOO COUNTY JAIL, et al.,

          Defendants.
_____/

Case No. 1:25-cv-1063

Honorable Phillip J. Green

## **OPINION**

This is a civil rights action under 42 U.S.C. § 1983 brought by a former inmate of the Kalamazoo County Jail, who was incarcerated when he initiated this action and when he filed his amended complaint. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the

named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that

"[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

### I.     Factual Allegations

At the time that he filed his amended complaint, Plaintiff was incarcerated in the Kalamazoo County Jail in Kalamazoo, Michigan. The events about which he complains occurred at that facility. In his amended complaint, Plaintiff sues the Kalamazoo County Sheriff Department and Deputy Unknown Ruff. (Am. Compl., ECF No. 4, PageID.30.)[2]

Plaintiff alleges that, on February 9, 2025, as he was entering his housing unit, he "requested information on television programming [related to] the NFL Superbowl." (*Id.*, PageID.31.) Defendant Ruff went into the hallway without replying to Plaintiff's question and began operating the control panel for the door to the housing unit. (*Id.*) "Without warning," Defendant Ruff shut the door on Plaintiff's right middle finger. (*Id.*) When Plaintiff began screaming, Defendant Ruff immediately opened the door, came to assist Plaintiff, and secured emergency medical attention. (*Id.*) Plaintiff was transported via ambulance to the hospital where he received surgery. (*Id.*) Upon Plaintiff's return to the Kalamazoo County Jail, "medical staff" dressed his wound, but "never cleaned it for 3 weeks." (*Id.*)

---

[2] The Court received Plaintiff's original complaint on September 8, 2025 (ECF No. 1), and received Plaintiff's amended complaint on September 11, 2025, which Plaintiff was entitled to file as a matter of course. *See* Fed. R. Civ. P. 15(1)(A).

As relief for the events described in the amended complaint, Plaintiff seeks monetary damages and to have his criminal record sealed. (*Id.*, PageID.32.)

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Claims Against Kalamazoo County Sheriff's Department

In the caption of his amended complaint, Plaintiff lists the "Kalamazoo County Sheriff Department" as a Defendant. (Am. Compl., ECF No. 1, PageID.29.) However, Plaintiff cannot maintain suit against the Kalamazoo County Sheriff's Department because sheriff's departments are not legal entities subject to suit pursuant to § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995). The Sheriff's Department is simply an agency of Kalamazoo County. *See Vine*, 884 F. Supp. at 1158. Plaintiff's claims against the Kalamazoo County Sheriff's Department will, therefore, be dismissed.

### B.  Official Capacity Claims and Claims Against Kalamazoo County

Plaintiff sues Defendant Ruff in his official capacity. Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). Therefore, an official-capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); s*ee also Matthew v. Jones*, 35 F.3d

6

1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165–66. Thus, Plaintiff's claims against these in their official capacities are, in reality, claims against Kalamazoo County.

The Court will also liberally construe Plaintiff's claims against the Kalamazoo County Sheriff's Department as against Kalamazoo County.

Kalamazoo County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

7

Here, Plaintiff alleges that, on one occasion, Defendant Ruff closed the door on Plaintiff's finger and that Jail "[m]edical staff" changed the dressing on Plaintiff's finger but did not clean the wound. (Am. Compl., ECF No. 4, PageID.31.) However, Plaintiff's amended complaint is devoid of any allegations suggesting that these action or inactions were the result of an official policy or custom employed by Kalamazoo County. Thus, the Court will dismiss Plaintiff's official capacity claims and claims against Kalamazoo County. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of custom or policy was conclusory, and plaintiff failed to state facts supporting the allegation).

### C. Individual Capacity Claim Against Defendant Ruff

The Court will also liberally construe Plaintiff's complaint as raising a claim against Defendant Ruff individually. Plaintiff contends that Defendant Ruff shut the door without warning, injuring Plaintiff's finger. For convicted prisoners, Plaintiff's claims against Defendant Ruff would implicate the protections of the Eighth Amendment; however, for pretrial detainees, Plaintiff's protection arises under the Fourteenth Amendment. Here, it appears that Plaintiff was a pretrial detainee at the time of the events described in the amended complaint.[3]

The Eighth Amendment protects convicted prisoners from "cruel and unusual punishments." U.S. Const. amend. VIII. But a pretrial detainee "may not be punished

---

[3] *See* Case Details, https://micourt.courts.michigan.gov/case-search/court/D08 ("last name," Evans, "first name," Ray, "middle name," Lamont, "birth year," 1976, select "search," select Case ID 2025-25-30285-SM) (last visited Sept. 15, 2025).

prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote and citations omitted). Put differently, the Eighth Amendment's limit on "punishment" does not apply to a pretrial detainee because a pretrial detainee may not be punished at all. *Id.* at 536–37 (explaining that "the Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment"). When a claim of deliberate indifference "is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (internal quotation marks and citations omitted).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court concluded that application of the Eighth Amendment standard—requiring that the "[pretrial] detainee must show that the officers were *subjectively* aware that their use of force was unreasonable"—was not appropriate. 576 U.S. at 391–92. Instead, the Supreme Court held that a "detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97.

9

Here, Plaintiff does not plead facts that would plausibly suggest that Defendant Ruff purposefully or knowingly used force against Plaintiff. There is nothing to indicate that Defendant Ruff directed Plaintiff to place his hand in the door jamb or was aware that Plaintiff's finger was in the door jamb at the time that he operated the control panel to close the door. Indeed, Plaintiff does not allege any facts to suggest that Defendant Ruff even saw Plaintiff as Plaintiff entered the housing unit. At best, Plaintiff describes an unfortunate accident. However, the Due Process Clause is not implicated by "an official causing unintended injury to life, liberty or property." *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). Therefore, the Court will dismiss Plaintiff's Fourteenth Amendment claim against Defendant Ruff.

### D.  Medical Care Claims

Finally, Plaintiff alleges that "medical staff" did not properly clean his wound. However, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 676. Plaintiff's amended complaint does not contain any facts that would suggest that Defendant Ruff was involved in any medical care provided to Plaintiff or the lack thereof and Plaintiff does not name any member of the Jail's medical staff as a Defendant in this suit. Thus, Plaintiff fails to state a claim for inadequate medical care upon which relief may be granted.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of

28 U.S.C. § 1915(a)(3).  *See McGore*, 114 F.3d at 611.  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.


Dated:   October 6, 2025                           /s/ Phillip J. Green  
                                                           PHILLIP J. GREEN  
                                                           United States Magistrate Judge